IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:15-cv-54 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL C. SIGL, | ) | |
| KELLY K. SIGL, and | ) | |
| SHAWANO COUNTY TREASURER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF SALE**

The Court has ordered entry of judgment in favor of the United States and against Daniel C. Sigl in the amount of $3,965.34 (for his 2012 federal income tax liability), and $228,814.83 (for Trust Fund Recovery Penalties assessed against him pursuant to 26 U.S.C. § 6672) plus interest and statutory additions allowable by law from April 30, 2015. The Court has also ordeed entry of judgment in favor of the United States and against Kelly K. Sigl in the amount of $228,597.60 (for Trust Fund Recovery Penalties assessed against her pursuant to 26 U.S.C. § 6672) plus interest and statutory additions allowable by law from April 30, 2015. The Court has adjudged that the United States' federal tax liens that arose from the federal tax assessments against Daniel C. Sigl and Kelly K. Sigl and may be enforced against real property located at N2635 County Highway Y, Clintonville, Wisconsin ("Subject Property"), which is owned by Daniel C. Sigl and Kelly K. Sigl.

The parties have jointly agreed that if Daniel C. Sigl and Kelly K. Sigl do not enter into a contract to sell the Subject Property on or before August 31, 2015 (with a closing date of no later

1

than October 31, 2015), the IRS Property Appraisal and Liquidation Specialists (PALS) would be permitted to sell the Subject Property.  Accordingly, it is hereby ORDERED that:

1. If Daniel C. Sigl and Kelly K. Sigl do not enter into a contract to sell the Subject Property on or before August 31, 2015 and close by October 31, 2015, the Internal Revenue Service, Property Appraisal and Liquidation Specialists (PALS) may sell the Subject Property.

2. The terms and conditions for the sale of the Subject Property are set forth below.

    A.    PALS is authorized to offer for sale at public auction and sell the Subject Property pursuant to 28 U.S.C. §§ 2001 and 2002.

    B.    The public auction sale of the Subject Property shall be made without right of redemption.

    C.    The sale shall be subject to building lines (if established), all laws, ordinances, governmental regulations (including building and zoning residences) affecting the Subject Property, and easements and restrictions of record, if any.

    D.    The Subject Property shall be sold free and clear of the federal tax liens, and free and clear of all liens and claims of parties to this suit.

    E.    The sale shall be held at a place in Shawano County, Wisconsin, either on the premises of the subject real property or at any other place in the county in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

    F.    PALS shall announce the date and time for the sale.

    G.    Notice of the sale shall be published once a week for at least four consecutive weeks before the time fixed for the sale in at least one newspaper regularly issued and of general circulation in Shawano County, and by any other

notice PALS in their discretion may deem appropriate. The notice of sale shall contain a description of the subject real property, and shall contain the terms and conditions of sale in this order.

H. 	If there are any local municipal liens for any delinquent taxes in connection with the Subject Property, PALS shall obtain from the municipality a bill, statement, or claim for such delinquent taxes at least five days before the sale. Any municipal tax liens shall be satisfied from the proceeds from selling the Subject Property, and the Subject Property shall be sold free and clear of any such municipal liens.

I. 	The PALS shall set a minimum bid for the sale of the Subject Property. If the minimum bid is not met or not exceeded, the PALS may, without further permission of the Court and under the terms and conditions of this order, hold a new public sale and, if necessary, reduce the minimum bid.

J. 	The Subject Property shall be sold to the highest bidder, with the United States (through the PALS) having the right to withdraw the property from bidding at any time prior to the acceptance of a bid if the bids are inadequate in its opinion. As stated above, the Subject Property shall be sold free and clear of all liens and claims.

K. 	At the time of the public auction sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check, an amount of at least five percent of the minimum bid as specified in the published Notice of Sale. The money order or check shall be made payable to and deposited with the Clerk of the U.S. District Court for the Eastern District of Wisconsin.

Before being permitted to bid at the sale, bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if he/she/it is the successful bidder, he/she/it can make the deposit required by this Order.

L.      The successful bidder(s) shall pay the balance of the purchase price to the PALS for the subject real property within 60 days after the date the bid is accepted.  Payment shall be by a certified or cashier's check payable to the Clerk of the U.S. District Court for the Eastern District of Wisconsin. The check given to the PALS shall be deposited with the Clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to Daniel C. Sigl and Kelly K. Sigl's federal tax liabilities. In the event that the bidder fails to pay the balance of the purchase price as stated, the Clerk of the Court shall distribute the deposit as directed by the PALS by check made payable to the "United States Treasury," and the Subject Property shall be again offered for sale under the terms and conditions of this order, or, alternatively, sold to the second highest bidder if the second bid meets at least the minimum bid set forth in paragraph 2(I) above.

M.      The Clerk of this Court is directed to accept the proceeds of the sale and deposit it into the Court's registry for distribution pursuant to this order and any further order of this Court. (See ¶ 2(N) below.)

N.      The sale of the Subject Property shall be subject to confirmation by the Court.  No later than 30 days after receipt of the balance of the purchase price,

4

PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed.

O.      On confirmation of the sale, PALS or the Internal Revenue Service shall execute and deliver a deed of judicial sale conveying the Subject Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to the subject real property that are held or asserted by the United States or any other individual or entity are discharged and extinguished.

P.      When this Court confirms the sale of the Subject Property, the Clerk of Shawano County, Wisconsin shall record the deed in favor of the successful bidder. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry and/or filing fees as required by law.

Q.      To preserve the Subject Property and place it in a proper condition for sale, PALS is authorized and to take all action necessary to preserve the property between the date of this order and date of confirmation of sale by the Court.

R.      Until the Subject Property is sold, Daniel C. Sigl and Kelly K. Sigl shall take all reasonable steps necessary to preserve the subject real property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, obtaining or maintaining fire and casualty insurance on the realty at their own expense. Daniel C. Sigl and Kelly K. Sigl shall not do anything to reduce the value or marketability of the Subject Property. Daniel C. Sigl and Kelly K. Sigl shall neither commit waste against the property, nor cause, nor permit anyone else to do so.  If the Subject Property is

5

destroyed before its sale and Daniel S. Sigl or Kelly K. Sigl receive insurance proceeds, the insurance proceeds shall be paid into the registry of this Court.

S.      No later than 30 days from the date of this Order, Daniel C. Sigl, Kelly K. Sigl and all other persons (if any) occupying the property shall permanently leave and vacate the premises, taking with them their personal property (but leaving all improvements, buildings, fixtures and appurtenances to the property). If Daniel C. Sigl, Kelly K. Sigl, or any other person occupying the Subject Property fails to vacate, the PALS, in coordination and with the assistance of the U.S. Marshals Service of the Eastern District of Wisconsin, are hereby authorized to take whatever action that it deems appropriate to remove Daniel C. Sigl. Kelly K. Sigl, or any other person from the premises. This includes that the U.S. Marshals Service is authorized to and directed to take any and all necessary actions, including the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.

T.      If Daniel C. Sigl, Kelly K. Sigl or any other person fails to remove his/her personal property within 30 days of the entry of this Order, the personal property is deemed forfeited and abandoned, and PALS is authorized to dispose of such personal property in any manner it deems appropriate, including but not limited to the sale of such personal property. The proceeds of the sale of any personal

property shall be applied first to the expenses of sale, and then remitted to the Court for further distribution. Checks for the purchase of the personal property shall be made payable to the Clerk of the U.S. District Court for the Eastern District of Wisconsin, and the Clerk is directed to accept such checks and deposit them into the Court's registry for distribution pursuant to further order of the Court.

3. After the Court confirms the sale of the subject real property, all the sale proceeds deposited with the Clerk of the Court shall be distributed in the following order:

   A.    First to PALS for the expenses of the sale of the Subject Property.

   B.    Second to any municipality to satisfy any delinquent taxes pertaining to the subject real property as stated in paragraph 2(H) above, including any delinquent real property taxes due to the Shawano County Treasurer.

   C.    Third, to the United States toward the satisfaction of federal tax liens attributable to Daniel C. Sigl and Kelly K. Sigl's federal tax liabilities at issue in this suit.

   D.    Any remaining sums shall be held by the Clerk until further order of the Court.

4. In order to carry out the terms of paragraph 4 above, the United States shall apply to the Court for a distribution order requiring the Clerk of the Court to make payments in accordance with the terms of paragraph 3(A)-(D) above.

**DATED** this 4th day of June, 2015.

    /s William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge